UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00639-TBR

ASHLEY MILLS and FERRIS PALMER                                                                Plaintiffs

v.

WOODFORD NATIONAL BANK,
JARED GRANT, and TIFFANY A. DENNIS,                                                        Defendants

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions. First is Defendants' Motion to Dismiss Claims Against Jared Grant and Tiffany A. Dennis. (Docket No. 6). Plaintiffs Ashley Mills and Ferris Palmer have responded, (Docket No. 8), and Defendants have replied, (Docket No. 9). Additionally, Plaintiffs have filed a Motion to Remand. (Docket No. 7). Defendants have responded. (Docket No. 10). These matters are now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss and **DENY** Plaintiffs' Motion to Remand.

### BACKGROUND

Ashley Mills and Ferris Palmer bring this employment discrimination and retaliation lawsuit under the Kentucky Civil Rights Act, KRS s. 344.010, et seq. Plaintiffs are former employees of Woodforest Bank ("the Bank"), and were terminated by the Bank in March and April of 2014. (Docket No. 1-1).

Defendant Jared Grant ("Grant") was the district manager and supervisor of the Plaintiffs. Plaintiff Ferris Palmer ("Palmer") was the manager of the Bank Branch and Plaintiff Ashley Mills ("Mills") was the assistant manager of the Bank Branch. Palmer and Mills assert that

1

Defendant Tiffany A. Dennis ("Dennis"), another employee, harassed them based on their race.[1] The Plaintiffs made complaints of the race discrimination and racial harassment to the Bank and Grant. The Plaintiffs allege that other employees reported racial harassment as well, but that Banks and Grant took no corrective action. On or about March 27, 2014, Dennis quit and/or resigned after an altercation with her supervisors, but on or about March 31, 2014, she "became reemployed and/or continued working" for the Bank at a different branch. (Docket No. 1-1). The Bank terminated Mills on March 31, 2014 and terminated Palmer on April 7, 2014. Dennis is still employed by the Bank.

The Plaintiffs assert a claim of race discrimination under KRS §§ 344.040 against the Bank and a claim under KRS § 344.280 against Grant, Dennis, and the Bank.

**STANDARD**

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

---

[1] Palmer is African American. Mills is a Caucasian female who is married to an African-American, and they have a child together. Both Grant and Dennis are Caucasian.

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

## DISCUSSION

The Defendants filed this Motion to Dismiss the KRS § 344.280 claim against Grant and Dennis. They argue that: 1) because Grant and Dennis are both employees of the Bank, the "intra-corporate conspiracy" doctrine bars the claim of conspiracy; and 2) the Plaintiffs did not allege that Dennis took an adverse employment action against them, and thus did not satisfy their prima facie case. The Defendants removed this action on the ground that Grant and Dennis were fraudulently joined as parties to destroy diversity jurisdiction. The Bank is based in Texas, while the Plaintiffs, as well as Grant and Dennis, are all citizens of Kentucky.

KRS § 344.280 states that: "It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:

(1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter; or

(2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter . . . ." *Id.*

The "intra-corporate conspiracy" doctrine

The Defendants argue that because both Grant and Dennis are employees of the Bank, the claim against them is barred by the intra-conspiracy doctrine, which holds that a corporation and its employees cannot sustain a conspiracy. (Docket No. 6). The Plaintiffs respond that the intra-corporate conspiracy doctrine does not apply to Dennis because she was not an employee of the Bank at times relevant to this case. (Docket No. 8).

"The intra-corporate conspiracy doctrine states that 'a corporation cannot conspire with its own agents or employees' because the corporation and its employees 'are members of the same collective entity' and so 'there are not two separate 'people' to form a conspiracy.'" *McGee v. Continental Mills, Inc.*, 2009 WL 4825010, at *2 (W.D. Ky. Dec. 11, 2009) (quoting *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 509–10 (6th Cir. 1991)). In *McGee*, the plaintiff asserted claims against a company and two of its employees, alleging that they conspired to wrongfully terminate the plaintiff. 2009 WL 4825010, at *2. The defendants removed the case to federal court on the grounds of diversity jurisdiction, asserting that the individual defendants (Kentucky citizens) were fraudulently joined, and thereafter,

4

moved to dismiss the claims on the grounds that retaliation/conspiracy actions under KRS § 344.280 were barred by the "intra-corporate conspiracy" doctrine. *Id.* The court agreed that because both defendants were employees of the company, the plaintiff's claim of conspiracy was barred against them, and determined that they were fraudulently joined. *Id.*

Relying on the same authorities and applying the same rationale as it did in *McGee*, this Court in *Dunn v. Gordon Food Services, Inc.* found that the doctrine barred claims because "neither party in the current matter denies that [the defendant] was employed by and an agent of [the company] during the relevant time period . . . ." 2010 WL 4180503, at *2 (W.D. Ky. Oct. 20, 2010).

For the intra-corporate conspiracy doctrine to apply, the defendants at issue must be employees of the corporation. *Id.* However, the instant situation is distinguishable from the above precedent. The Plaintiffs alleged in their Complaint that Dennis was not an employee of the Bank from March 27, 2014 through March 31, 2014. The Court must presume all facts in the Complaint as true at this stage. Because Dennis was not an employee at relevant times, the intra-corporate conspiracy doctrine does not bar the claim against her. However, as there is no allegation that Grant was not an employee, the claim against him is barred. Thus, the motion to dismiss is granted as to Defendant Grant.

<u>Prima facie case of retaliation</u>

The Defendants next argue, as a separate basis for dismissing the claim, that the Plaintiffs cannot establish a prima facie case against Grant or Dennis. (Docket No. 6). The Defendants state that the Plaintiffs failed to plead the third element of the prima facie case, and did not allege that Grant or Dennis took an adverse action against either Plaintiff. The Plaintiffs specify that the Bank terminated their employment, but not that Grant or Dennis took any adverse action. *Id.*

5

The Plaintiffs respond that the Court "can reasonable conclude that Dennis' actions between the time of her quitting her employment . . . and the time that she was reemployed held bearing upon the subsequent adverse action taken by [the Bank] against the Plaintiffs." (Docket No. 8). As the Court has already dismissed Grant as a Defendant, it will only examine the prima facie case against Dennis.

To establish a prima facie case of retaliation under KRS 344.280, a Plaintiff must demonstrate that: 1) she engaged in a protected activity; 2) her engagement in that protected activity was known to Defendants; 3) Defendants thereafter took an adverse employment action against her; and 4) a causal link between her engagement in the protected activity and the adverse employment action. *Breeden v. HCA Physician Services, Inc.*, 2012 WL 5362288 (W.D. Ky. Oct. 31, 2012) (citing *Brooks v. Lexington–Fayette Urban County Hous. Auth.*, 132 S.W.3d 790, 801–03 (Ky. 2004)).

The Plaintiffs did not allege that Dennis took any adverse employment action against them. KRS § 344.280 does state that it is unlawful for one to "aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter . . ." However, the Plaintiffs did not allege that Dennis took any of those actions in their Complaint either. Because the Plaintiffs have not alleged that Dennis took an adverse employment action, they have not satisfied their prima facie case. This, the claim against Dennis must be dismissed as well.

<u>Fraudulent joinder</u>

In order to prove fraudulent joinder, the removing party, who has the burden of establishing federal jurisdiction, must show that the plaintiff cannot establish a cause of action against Dennis or Grant under Kentucky law. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d

6

940 (6th Cir. 1994); *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 695–96 (W.D. Ky . 2000) (citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). If there is any basis on which the plaintiff could prevail against Dennis or Grant, the court must remand this action. *See Coyne*, 183 F.3d at 493. Here, the Defendants have satisfied their burden of proving that the Plaintiffs cannot establish a cause of action against Dennis or Grant under Kentucky law. Accordingly, this case is properly in federal court, and the Plaintiffs' Motion to Remand is denied.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, (Docket No. 6), is **GRANTED** and Plaintiffs' Motion to Remand, (Docket No. 7), is **DENIED.**